IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NIYAH KEMON ALI BEY, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-22-0050 |
| § | |
| J.L MARTINEZ, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND OPINION

Niyah Kemon Ali Bey is a defendant in a pending federal criminal prosecution. See No. 5:20-cr-1503 (S.D. Tex.). In this lawsuit, she alleges that she was falsely arrested and demands her release, contending that she is not subject to the laws of the United States because she is a Moorish Sovereign Citizen. Ali Bey has not paid the filing fee. This action will be dismissed under 28 U.S.C. § 1915(e)(2).

When a plaintiff proceeds *in forma pauperis*, 28 U.S.C. § 1915(e) requires a federal district court to dismiss a case if the action fails to state a claim on which relief may be granted. Section 1915(e)(2)(B)(i) requires dismissal if the action is frivolous or malicious.

Courts have repeatedly rejected claims of exemption from the laws due to "sovereign citizenship." *See, e.g., Bey v. State*, 847 F.3d 559 (7th Cir. 2017); *King v. Trump*, No. 4:20-cv-1600, 2020 WL 3542778 (S.D. Tex. June 30, 2020). A claim of "sovereign citizenship" is "an indisputably meritless legal theory." *Barthelemy-Bey v. Louisiana*, No. 19-cv-12671, 2019 WL 5430594 at *2 (E.D. La. Oct. 1, 2019); *see also Mason v. Anderson*, No. 4:15-cv-2952, 2016 WL 4398680 at *2 (S.D. Tex. (Aug. 8, 2016)("courts routinely dismiss sovereign citizen claims"). "These [sovereign citizen] teachings have never worked in a court of law—not a single time."

*Wirsche v. Bank of Am., N.A.,* No. 7:13-CV-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013).

The plaintiff fails to state a claim for relief and the Complaint is frivolous. Consequently, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

SIGNED on January 7, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge